IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON, Plaintiff, v. UNITED STATES DEPARTMENT OF TREASURY, et al., Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:10-cv-184-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Terry Kennington ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute").[2] Before the court is Plaintiff's motion for appointment of counsel.[3]

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint

---

[1] *See* docket no. 6.

[2] *See* docket nos. 1, 2.

[3] *See* docket no. 5.

counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, it is not clear at this point whether Plaintiff's claims have merit. Whenever the court permits a party to proceed without the prepayment of fees under the IFP statute, the court is required to screen that party's complaint to determine whether it should be served upon the named defendants or dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The court has not yet completed that screening process. Second, Plaintiff has failed to persuade the court that he is unable to present his claims or pursue this case adequately. Finally, the factual and legal issues raised by Plaintiff's complaint do not appear to be complex.

For these reasons, Plaintiff's motion for appointment of counsel[4] is **DENIED** at this time. If it appears that counsel may be needed or of specific help after the case is fully screened, however, the court may then ask an attorney to appear pro bono on Plaintiff's behalf.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 5.