IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, *et al.*,<br><br>　　　　　Defendants. | **ORDER and<br>MEMORANDUM DECISION**<br><br><br>Case No. 1:10-cv-184 CW |

　　　　Now before the court is a report and recommendation by Magistrate Paul Warner recommending that this case be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i). The court agrees that this action should be dismissed. The court, however, does not dismiss this case because it is frivolous. Instead, the court believes that it is more appropriate to dismiss under 28 U.S.C. § 1915(e)(2)(b)(ii), because the complaint fails to state a claim.

　　　　It is not entirely clear what theory Mr. Kennington intends to assert against Defendants the United States Department of Treasury (the "Department") and the Secretary of the Treasury in this suit for compensatory and punitive damages. The two most credible readings of Mr. Kennington's complaint are that Mr. Kennington is either suing these Defendants for discrimination or because the Department's equal opportunity office did not handle Mr. Kennington's discrimination claims in a manner that satisfied him. Either way, Mr. Kennington has failed to state a claim.

If Mr. Kennington's suit is for direct discrimination against the Defendants, his complaint fails to state a claim because liability in a *Bivens* action cannot be solely based upon *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must show what the government official defendants in particular did to violate the constitution. *See id.* Simply put, Mr. Kennington has not plead any facts that would support a plausible *Bivens* action against the Defendants here. Rather, Mr. Kennington asserts that he was discriminated against by employees of the Ogden office of the Internal Revenue Service.

The court further notes that Mr. Kennington did file an action against the IRS and its employees for discrimination in this district, which he filed separately from this action. *See* Case No. 1:10-cv-9 TC. Judge Campbell dismissed that action without prejudice for failure to exhaust administrative remedies. *See* Order of Aug. 27, 2010, at Dkt. No. 24 in Case. No. 1:10-cv-9 TC. The court further takes note of *Kennington v. Merit Systems Protection Bd.*, 385 Fed. Appx. 983 (Fed. Cir. 2010). In that case, Mr. Kennington appealed to the Federal Circuit the Merit Systems Protection Board's ("MSPB") decision that it did not have jurisdiction over his claims of discrimination based on the same facts involved in this action. *See id.* at 984. The Federal Circuit upheld the MSPB's decision. *See id.* at 986-987. Based on these two cases, it appears that Mr. Kennington is in the process of seeking a remedy against the parties he alleges directly discriminated against him.

As to the second possible reading, Mr. Kennington's action could be construed as one against the Department because its equal opportunity office rejected his claims. To the extent that Mr. Kennington attempts to bring this cause of action, his complaint fails to state a claim.

*Cf. Sheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991) ("[N]o cause of action against the EEOC exists for challenges to its processing of a claim.") (internal quotation marks and citations omitted) and *Woodruff v. McPhie*, 383 Fed. Appx. 5, 6-7 (D.C. Cir. 2010) (*cert. denied sub nom Woodruff v. Grundmann*, 131 S. Ct. 1504 (2011) (no cause of action against the MSPB for handling of a case).

## CONCLUSION AND ORDER

For the reasons set forth above, the court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

SO ORDERED this 9th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge