IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JACOB J. LEW, Secretary of the Department of the Treasury,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Case No. 1:10-cv-184 RJS BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

　　　　Before the Court are two motions.  First, a Motion for Protective Order filed by Defendant[1] Secretary Jacob J. Lew (Secretary) and second, a Motion to Compel Interrogatories filed by Plaintiff Terry Kennington.[2]  After carefully reviewing the motions and the written memoranda submitted by the parties, the Court has concluded that oral argument is unnecessary and decides the motions on the basis of the written memoranda.[3]  The Court finds the Secretary has met the burden for a protective order and that Plaintiff has failed to demonstrate the information he seeks is relevant or would lead to the discovery of admissible evidence.  Accordingly as outlined below the Court GRANTS Defendant's Motion for a Protective Order and DENIES Plaintiff's Motion to Compel.

BACKGROUND

　　　　This case concerns Mr. Kennington's probationary employment as a manager in the Wage and Investment Submission Processing Division at the Internal Revenue Service (IRS) in

---

[1] Docket no. 79.

[2] Docket no. 80.

[3] *See* DUCivR 7-1(f) (2013).

Ogden, Utah.  Mr. Kennington was terminated on June 18, 2009 for aberrant behavior regarding extraterrestrial beings, disruptions at work and making fellow employees feel unsafe.[4]

On October 9, 2012, Mr. Kennington filed an amended complaint.[5]  Mr. Kennington's amended complaint alleges *inter alia*: (1) discrimination based on gender and religion under Title VII; (2) retaliation under Title VII, the Whistleblower Protection Act, and the False Claims Act; (3) various violations of Title 18 of the United States Code; and (4) "Opposing Constitutional Rights."[6]  Mr. Kennington named the Secretary, individual IRS employees, and employees of a separate agency from the IRS called the Treasury Inspector General for Tax Administration (TIGTA) as Defendants.[7]

The Secretary moved to dismiss Mr. Kennington's Amended Complaint.[8]  Following briefing, the Court dismissed every claim in Mr. Kennington's Amended Complaint except for those "claims under Title VII for disparate treatment and for retaliation."[9]  Discovery was permitted to commence on those two remaining issues.

During discovery, Mr. Kennington issued twenty-five interrogatories, five document requests, and sought to depose eight people.[10]  In response to Defendant's motion, Mr. Kennington concedes that based on answers received during certain depositions that certain

---

[4] Amended Complaint, p. 2, 54, 61, 76, 91, 120, docket no. 39.

[5] Docket no. 39.

[6] Amended Complaint p. 8 listing "cause of actions."

[7] *See id.* at p. 6-7.  The IRS Restructuring and Reform Act of 1998 created TIGTA. Pub. L. No. 105-206 (July 22, 1998).  Section 1103 of the Act authorizes TIGTA to exercise the duties and responsibilities of an Inspector General for the Department of the Treasury insofar as they relate to the IRS.  TIGTA is an entirely separate organization from the IRS and is part of the Department of Treasury.  As such, TIGTA has no authority to take any personnel actions with respect to IRS employees.  See 5 U.S.C. App'x. 3 §§ 2(3)(B)(ii) and 8D; Treasury Order 115-01.

[8] Docket no. 53.

[9] Minute Entry, docket no. 74.

[10] *See generally*, Motion for Protective Order, docket no. 79; Motion to Compel, docket no. 80.

2

document requests are now moot because some requested documents do not exist.[11] Therefore only document requests #1 and #5 remain as well as Mr. Kennington's request to depose Bruce Mason and Lexie White are at issue in Defendant's Motion for a Protective Order. Also at issue are requested answers to interrogatories in Plaintiff's Motion to Compel.

DISCUSSION

At this stage in the instant case relevance is broadly construed and relevant information need not be admissible at trial. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[12] But, discovery is not without limits.[13]

> Indeed, the Advisory Committee's note to the 2000 Amendment of Rule 26(b)(1) states that '[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.[14]

Thus, if there is "too tenuous a connection between the requested documents and the allegations involved in [a] case"[15] then the court should deny requested discovery. With these principles in mind the Court now turns to the motions before it.

---

[11] Response p. 2, docket no. 84.

[12] Fed. R. Civ. P. 26(b)(1); *see also United States v. Shaw*, 2005 WL 3418497 (D.Kan. 2005) (stating that relevancy is broadly construed so "as a general proposition, a request for discovery should be considered relevant if there is 'any possibility' that the informations ought may be relevant to the claim or defense of any party") (quoting *Sheldon v. Vermonty*, 203 F.R.D. 679, 689-90 (D.Kan. 2001)).

[13] *See e.g., James v. Frank's Westates Servs., Inc.*, 2008 WL 2714206 (D.Utah 2008) (denying in part a motion to compel because some of the requests were over broad and not reasonably calculated to lead to the discovery of admissible evidence).

[14] Fed.. R. Civ. P. 26(b)(1) advisory committee's note to 2000 Amendment, subdivision (b)(1).

[15] *James*, 2008 WL 2714206 *3.

**I.     Motion for a Protective Order**

In light of Mr. Kennington's concessions,[16] Defendant moves for a protective order that would preclude Mr. Kennington from (1) obtaining responses to document requests #1 and #5; "(2) deposing Bruce Mason, an employee of the Treasury Inspector General for Tax Administration ("TIGTA"); and (3) deposing Lexie White, an employee of the Internal Revenue Service ("IRS")."[17]  Before addressing these specific requests, however, the Court must first addresses Mr. Kennington's timeliness argument.

Mr. Kennington asserts that Defendant failed to timely oppose his notice of deposition arguing that although Defendant did file a motion for protective order, it was after his second notification of depositions.  Thus, this Court should deny Defendant's motion as untimely.  The Court is not persuaded by Mr. Kennington's position for two reasons.  First, Mr. Kennington never provided a subpoena or a deposition notice to any of the deponents.  Instead, Mr. Kennington simply emailed Defense counsel informing him as to whom he would like to depose.  Thus the typical procedures outlined in the Federal Rules of Civil Procedure were not at issue.[18]  Second, Mr. Kennington sought documents and depositions during the government shutdown.  During this time counsel for Defendant was precluded from working even on a voluntary basis, "except for emergencies involving the safety of human life or the protection of property."[19]  Mr. Kennington's desire to obtain discovery did not represent an emergency or a threat to human life or property.  Thus the Court rejects Mr. Kennington's timeliness arguments.

---

[16] *See* fn. 11 *supra*.

[17] Motion for Protective Order p. 1, docket no. 79.

[18] *See* Fed. R. Civ. P. 26.

[19] 31 U.S.C. § 1342.

4

### a.  Document requests #1 and #5

Document request #1 seeks the production of the 8111 Forms signed by the employees that were questioned and interviewed in Plaintiff's case.  In a November 4, 2013 email Mr. Kennington stated that he wanted the 8111 forms "that TIGTA may have obtained from people they interviewed during an investigations. (sic)"[20]

Mr. Kennington argues he needs the documents in request #1 because without them it "will create an injustice and obstruct justice in a pending case with the [Merit Systems Protection Broard ("MSPB")] in which TIGTA is a party."[21]  The Court is not persuaded by this argument because Mr. Kennington's fails to show that the requested discovery is relevant to the instant case.  TIGTA is not a party to this litigation nor is the MSPB.  Mr. Kennington has never worked for either of these organizations and this discovery is not related to the remaining claims in this litigation.  There simply is "too tenuous a connection between the requested documents and the allegations involved in this case."[22]  Accordingly, the Court GRANTS Defendant's Motion for Protective Order pertaining to Document request #1 finding that it is irrelevant.

In Document request #5 Mr. Kennington seeks a copy of "any deposition taken by TIGTA from any employee that may have given an oral or written explanation of events that took place during my employment.  This evidence is relative to my case as it is concerning situations while I was employed."[23]

Once again the Court finds that the requested discovery is not relevant to the remaining claims brought under Title VII for disparate treatment and for retaliation.  TIGTA is not a party

---

[20] Motion for Protective Order p. 11.  The request is also attached as exhibit A to Defendant's motion.

[21] Reply to Motion to Compel, p. 2, docket no. 84.

[22] *James*, 2008 WL 2714206 *3.

[23] Motion for Protective Order at 12.  The request is also attached as exhibit A to Defendant's motion.

to this case and simply lacks any authority to take personnel actions with respect to IRS employees. Therefore, the Court GRANTS Defendant's Motion for Protective Order pertaining to Document request #5 finding that it is irrelevant.

### b. Depositions of Bruce Mason and Lexie White

Mr. Kennington seeks to depose Bruce Mason, who is an employee of TIGTA and Lexie White, who is an employee of the IRS in an office outside of Utah. Defendant opposes arguing neither individual has relevant discoverable information for this case. Plaintiff responds making similar arguments regarding Mr. Mason's importance to this case as those he made in response to Defendant's opposition to his document requests. Plaintiff argues Mr. Mason's testimony is important to the MSPB case in which TIGTA is a party.[24] As noted previously TIGTA is not a party to this action nor is the MSPB and thus the Court finds Mr. Mason's testimony is irrelevant to the instant matter and would not lead to the discovery of admissible evidence.

Next, Mr. Kennington argues that the Ogden processing center where he works is one of the locations with a chapter of a religious organization originally founded by Ms. White. According to Mr. Kennington, the Court should compel her deposition because Ms. White has "expert knowledge regarding the protections and rights that her group provide and educate IRS employee's concerning their religious rights in the Ogden Submission Processing Center."[25] Mr. Kennington argues not allowing him to take her deposition would "prevent me from discovering how other employee's that are not a part of my protected group as a "Mormon" are treated."[26] The Court is not persuaded by Mr. Kennington's arguments.

---

[24] Reply to Motion to Compel, p. 2.

[25] Reply to Motion to Compel, p. 2.

[26] *Id.*

Mr. Kennington has never worked with Ms. White nor is she a similarly-situated employee. Instead, Plaintiff appears to seek Ms. White's knowledge in her capacity as the founder of a nonprofit religious organization. Defendant cannot be compelled to produce Ms. White, an employee of the IRS, as a fact witness to testify regarding matters not pertinent to her work responsibilities. Thus Ms. White's testimony is irrelevant to the facts of this particular case and she cannot act as an expert witness.

## II.     Motion to Compel

The Court has considered Plaintiff's Motion to Compel and finds that it pertains to some of the matters outlined in Defendant's Motion for a Protective Order. To the extent that they overlap, the Court DENIES Plaintiff's motion for the same reasons outlined above.

In addition, the Court has reviewed Plaintiff's interrogatories that are the subject of his Motion to Compel and finds them to be unduly burdensome. Many of the interrogatories are also indefinite. For example Interrogatory #1 asks "what religious rights are CFIRE members allowed to express?"[27] Interrogatory 1 does not define religious rights nor provide which government entity it pertains to. In similar fashion, the remaining interrogatories are also unanswerably vague and unduly burdensome. As such, the Court DENIES Plaintiff's Motion to Compel.[28]

---

[27] CFIRE is an acronym that stands for Christian Fundamentalist Internal Revenue Employees. This is a nonprofit religious employee group which Ms. White was involved in founding.

[28] *See e.g., Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D.Kan. 1997) (declining to compel responses to interrogatories that were overly broad and unduly burdensome because they sought each and every fact no matter how insignificant or minor); *Barry v. Felker*, 2010 WL 4782133 *1 (E.D.Cal. Dec. 14, 2010) (finding certain interrogatories not specific enough for the defendant to be able to identify the information that was being sought).

## CONCLUSION

The Court finds the Secretary has met his burden for a protective order. The Court further finds the discovery sought by Plaintiff is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, the Court finds Plaintiff's interrogatories are unduly burdensome and vague.

## ORDER

For the foregoing reasons, it is ORDERED that

Defendant's Motion for Protective Order is GRANTED and Plaintiff's Motion to Compel is DENIED.

DATED this 20 February 2014.

_____
Brooke C. Wells
United States Magistrate Judge