IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON,<br><br>           Plaintiff,<br>v.<br><br>JACOB LEW, Secretary of the Treasury,<br><br>           Defendant. | ORDER AND MEMORANDUM DECISION DENYING PLAINTIFF'S MOTIONS TO STRIKE<br><br>Case No. 1:10-cv-184 RJS BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Pending before the Court are two motions to strike filed by Plaintiff Terry Kennington.[1] The Court finds neither of these motions persuasive and as set forth below denies them.

Plaintiff first seeks to strike Defendant's objection to join TIGTA[2] arguing it is moot. Plaintiff asserts that under Federal Rule 27(3)(A) Defendant's objection was late because the motion to join TIGTA was filed on November 14, 2013. Plaintiff further points to the recent decision by this Court to strike Plaintiff's sur-reply alleging equal treatment should be given in this case. The Court is not persuaded by these arguments.

Mr. Kennington misconstrues the record in this case. Defendant already filed a timely opposition to his November 2013 motion to join TIGTA in December 2013.[3] Defendant's recent opposition against joining TIGTA is filed in response to Plaintiff's October 10, 2014, motion to join TIGTA, not to the November 2013 motion.[4] Thus, there are no timeliness issues nor are

---

[1] Docket no. 112, docket no. 116.

[2] TIGTA is an abbreviation for the Treasury Inspector General for Tax Administration.

[3] Docket no. 83.

[4] Docket no. 108.

there any "equal treatment" considerations.  The Court, therefore, DENIES Plaintiffs Motion to Strike 110 Memorandum in Opposition to Motion for Joinder of TIGTA.[5]

In similar fashion, Plaintiffs arguments in support of striking Defendants 114 memorandum in opposition to his motion to strike are also unavailing.  In support of his motion Plaintiff cites to the decision from the Tenth Circuit Court of Appeals noting that the district court had failed to honor his request to amend as support for striking all objections to joinder.[6] Plaintiff also states that he "obtained permission to join TIGTA by the appeal court pursuant to Federal Rule 14(a)(1) when they granted the amended complaint to do so."[7]  The Court has carefully reviewed the Tenth Circuit's decision and concludes that the Tenth Circuit did not grant permission for Mr. Kennington to join TIGTA.  Rather, the Tenth Circuit stated that it did not have any basis "to quarrel with the district court's decision to dismiss Mr. Kennington's existing complaint" but the court was "constrained to also conclude that the district court committed reversible error by effectively denying Mr. Kennington's clear request to amend his complaint without offering any justifying reason."[8]  Thus, on remand the direction was to allow Mr. Kennington an opportunity to amend his Complaint and on October 9, 2012, Plaintiff filed an Amended Complaint.[9]  There is nothing, however, in the decision from the Tenth Circuit specifically granting Plaintiff permission to join TIGTA as a party.  Therefore, the Court DENIES Mr. Kennington's motion to strike all objections to joinder.[10]

---

[5] Docket no. 112.

[6] Docket no. 116.

[7] Mtn. p. 2.

[8] *Kennington v. U.S. Dept. of the Treasury*, 490 Fed.Appx. 939, 943 (10th Cir. 2012).

[9] Docket no. 39.

[10] Docket no. 116.

IT IS SO ORDERED.

    DATED this 4 November 2014.

                                        _____
                                        Brooke C. Wells
                                        United States Magistrate Judge

3