IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON,<br><br>Plaintiff,<br>v.<br><br>JACOB LEW, Secretary of the Treasury,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING PLAINTIFF'S MOTIONS FOR JOINDER<br><br>Case No. 1:10-cv-184 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Plaintiff Terry Kennington seeks to join the Department of Homeland Security, Federal Protective Services, and the General Services Administration to this litigation (collectively Agencies).[1] Plaintiff also seeks to join the Treasury Inspector General for Tax Administration (TIGTA) as a party to this action.[2] As set forth below the Court DENIES these motions.

Mr. Kennington worked as a Frontline Manager in the Wage and Investment Submission Processing Division at the Internal Revenue Service (IRS) in Ogden, Utah. His employment was terminated on June 18, 2009, for alleged aberrant behavior that *inter alia* made his co-workers feel unsafe. Following the filing of an Amended Complaint,[3] the Court dismissed every claim in Mr. Kennington's Amended Complaint except for two: (1) Mr. Kennington's claim under Title VII for unlawful termination based on disparate treatment; and (2) Mr. Kennington's unlawful termination claim under Title VII for retaliation in allegedly engaging in a protected Equal Employment Opportunity.[4] Discovery commenced on these remaining claims and the parties

---

[1] Docket no. 115.

[2] Docket no. 108.

[3] Docket no. 39.

[4] Minute Order dated July 31, 2013, docket no. 74.

entered a scheduling order setting a deadline for the joinder of parties of September 11, 2013, and a deadline for dispositive motions of April 21, 2014.[5]

## I.   Motion to Join the Department of Homeland Security, Federal Protective Services, and General Services Administration

On October 21, 2014, more than a year after the deadline to join parties, Mr. Kennington filed a motion to join the Department of Homeland Security, Federal Protective Services, and the General Services Administration.[6]  In support Plaintiff cites to *Tagore v. United States*.[7]  In *Tagore*, the plaintiff brought an action against the United States alleging violations of her religious rights under both Title VII and the Religious Freedom Restoration Act (RFRA).  The district court granted summary judgment on both claims and *Tagore* appealed.  On appeal the Fifth Circuit held that the IRS did not engage in religious discrimination under Title VII but remanded for further analysis under RFRA.

Although *Tagore* deals with alleged violations of religious rights, which is similar to the issues here, there is nothing in *Tagore* concerning the joining of parties well after the deadline to do so has passed.  The Court finds *Tagore* unpersuasive on the issue of joinder.  Mr. Kennington's motion does not comply with the deadlines in the Scheduling Order or Federal Rule 14[8] because his motion was filed long past the deadline to add parties.  Discovery has concluded in this case and a Motion for Summary Judgment is pending.  To allow additional parties into this case now would be prejudicial to Defendant.  Accordingly, the Court DENIES Mr. Kennington's Motion for Joinder because it is filed too late in this action.

---

[5] Scheduling order dated August 28, 2013, docket no. 77.

[6] Docket no. 115.

[7] 735 F.3d 324 (5th Cir. 2013).

[8] Fed. R. Civ. P. 14.

Plaintiff next asserts that the Agencies should be joined pursuant to Federal Rule 19. Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[9]

The remaining claims in this case concern employment discrimination and retaliation under Title VII. The Court finds the Agencies are not indispensable parties under Rule 19 because the Court can grant complete relief without them being named as defendants and the Agencies' interests will not be unprotected if they are not part of this litigation. Thus they are not indispensable parties under Rule 19 and for this additional reason the Court DENIES Mr. Kennington's motion to join the Agencies.

## II. Motion to Join Treasury Inspector General for Tax Administration

Plaintiff also seeks to add TIGTA as a party to this litigation. This particular motion was filed by Plaintiff on October 10, 2014.[10] Thus, for the same reasons outlined above the Court will DENY Plaintiff's motion filed on October 10, 2014, as untimely.

In this motion, however, Plaintiff further asserts that he originally sought the same request of adding TIGTA as a party in a filing titled "Supplemental Pleading/Complete

---

[9] Fed. R. Civ. P. 19.

[10] Docket no. 108.

Discovery or Admit to Documents Not Existing" from November 14, 2013.[11] Specifically on page 4 Plaintiff states the following:

> **REQUEST TO CONSIDER TIGTA A JOINED PARTY AND/OR MOTION TO JOIN**
>
> Pursuant to Rule 15 (d), which states that on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time. This was done when I filed a motion with the appeal court. The appeal court reversed the case to amend and add the supplemental claims which I first requested to add before the original case was dismissed.[12]

Mr. Kennington then goes on to quote part of the decision from the Tenth Circuit remanding the dismissal of this case because of the failure to justify the denial of his request to amend the complaint. The Tenth Circuit stated that it did not have any basis "to quarrel with the district court's decision to dismiss Mr. Kennington's existing complaint" but was "constrained to also conclude that the district court committed reversible error by effectively denying Mr. Kennington's clear request to amend his complaint without offering any justifying reason."[13] On remand the direction was to allow Mr. Kennington an opportunity to amend his Complaint and on October 9, 2012, Plaintiff filed an Amended Complaint.[14] There is nothing, however, in the decision from the Tenth Circuit specifically granting Plaintiff permission to join TIGTA as a party. The Court, therefore, declines Mr. Kennington's request to consider TIGTA a joined party.

---

[11] Docket no. 81.

[12] Supplemental Pleading/Complete Discovery or Admit to Documents Not Existing, p.4, docket no. 81.

[13] *Kennington v. U.S. Dept. of the Treasury*, 490 Fed.Appx. 939, 943 (10th Cir. 2012).

[14] Docket no. 39.

Finally, Mr. Kennington's earlier request to join TIGTA as a party was filed after the deadline to add parties. Plaintiff filed the document titled "Supplemental Pleading/Complete Discovery or Admit to Documents Not Existing" on November 14, 2013,[15] nearly two months after the deadline to add parties. The Court finds the motion untimely. In addition the Court finds there is no basis under Rule 19 to add TIGTA as an essential party to this action.

Therefore based on the foregoing, all motions to join TIGTA as a party are DENIED.[16]

IT IS SO ORDERED.

DATED this 4 November 2014.

Brooke C. Wells
United States Magistrate Judge

---

[15] Docket no. 81.

[16] The Court notes that on July 31, 2013, Judge Robert Shelby granted in part Defendant's Motion to Dismiss for Failure to State a Claim. *See* Minute Entry docket no. 74. Judge Shelby permitted the claims under Title VII for disparate treatment and retaliation to proceed, but dismissed a number of other claims including those raised against TIGTA in the Amended Complaint. Consequently, Plaintiff cannot simply circumvent an earlier dismissal of claims by seeking to add TIGTA as a party to this action. Although the Court does not rely upon this reasoning, it would provide an independent basis to deny Mr. Kennington's motions to join TIGTA as a party.