IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON,<br><br>               Plaintiff,<br><br>v.<br><br>JACOB J. LEW, Secretary of the Department of Treasury,<br>               Defendant. | **MEMORANDUM DECISION & ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Case No. 1:10-cv-00184<br><br>District Judge David Nuffer |

On November 24, 2014, pro se Plaintiff, Terry Kennington, filed a document[1] which is construed as a motion to disqualify Judge Robert J. Shelby and Chief Magistrate Judge Brook C. Wells from this case pursuant to 28 U.S.C. § 455(a). Plaintiff alleges that disqualification is appropriate due to the judges' impartiality being reasonably questioned.

Section § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] The Tenth Circuit, in applying this standard, looks to "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'"[3] This inquiry, furthermore, "is purely objective[,] . . . limited to outward manifestations and reasonable inferences drawn therefrom."[4]

Plaintiff alleges that Judge Shelby and Judge Wells should recuse themselves on the following grounds:

---

[1] Request Judges to Disqualify [Motion], docket no. 125, filed November 24, 2014.

[2] 28 U.S.C. § 455(a).

[3] *U.S. v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)* (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[4] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

1.  "Magistrate Judge Wells has violated her responsibilities and issued judgment on three pleadings" which, "[p]ursuant to the Federal Magistrate Act Title 28 Part III Chapter 43(b)(1)(A) a magistrate judge does not have authority to make decisions in these situations. . . ."[5] The three "pleadings" that Judge Wells did not have authority to decide, according to Plaintiff, are: "a supplemental pleading of evidence, . . . a request for decision to join/include a party already joined via appeal and to correct error of protecting evidence[,] and . . . a motion to strike an objection to joining due to untimely filing."[6]

2.  "Magistrate Judge Wells has also stated in her decisions that there are only two counts under the Civil Rights Act of 1964 being litigated, however three were previously approved by Judge Shelby."[7] Specifically, "[t]he three pending counts . . . [are for] discrimination based on sex and religion and the third count is retaliation."[8]

3.  "Judge Shelby and Magistrate Judge Wells also issued a court order not allowing [Plaintiff] to submit any motions until they have decided all merits in this case, which is violating [Plaintiff's] due process rights in appealing and/or objecting to magistrate decisions and recommendations[.]"[9] Plaintiff argues that this restriction by the court violates his "due process rights provided to [him] under Federal Magistrate Act Title 28 Part III Chapter 43(b)(1)(C)."[10] Plaintiff claims that by not allowing him to submit any further motions, the judges are obstructing him from filing timely objections. Plaintiff further contends that the judges' "intention to not review this decision de novo as provided under law indicates not only a corruption of process but is also evidence that the

---

[5] Motion at 1.

[6] *Id.*

[7] *Id.* at 1–2.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

judges are biased in favor of the defendants, the previous employer of Magistrate Judge Wells."[11]

4. "Both Judges have made a decision to deny awarded judgment of a remand in order to cover up evidence and damage [Plaintiff] in this case, without considering any evidence and without stating and [*sic*] just reason for their actions."[12] "When deciding not to review the additional claims of retaliation, discrimination and threat added to the amended complaint, they have provided an unfair trial and endangered my life."[13]

None of Plaintiff's contentions show an element of personal bias or impartiality. Each of Plaintiff's grounds for recusal are discussed in turn below.

   *1.  Entering Judgment on Three Pending Pleadings*

   Judge Wells did not exceed her statutory authority by entering orders on the above mentioned three documents. Although Plaintiff does not provide docket numbers for the three specific documents at issue, based on Plaintiff's description, it is clear that all three were "pretrial matters" which, pursuant to 28 U.S.C § 636(b)(1)(A), a magistrate judge has authority to hear and determine.

   *2.  Number of Counts Approved by Judge Shelby*

   Plaintiff argues that there are three pending counts of discrimination (sex, religion, and retaliation), but Judge Wells stated there are only two counts.[14] On July 31, 2013, Judge Shelby found that Plaintiff may proceed with his claims under Title VII for disparate treatment and

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *See id.*

retaliation.[15] Disparate treatment analysis is applied "to claims alleging an employer treated some people less favorably than others based on race, color, *religion*, *sex*, or national origin."[16]

Judge Wells, by allegedly stating that there are two counts, was most likely incorporating discrimination based on gender and religion into the disparate treatment claim. Accordingly, there is no issue of bias or impartiality here.

### 3.   Order Restricting Filings of Additional Motions

Judge Wells's October 24, 2014 order[17] restricting the filing of additional motions ("Restriction Order") does not violate Plaintiff's due process rights because the Restriction Order does not restrict Plaintiff from appealing or objecting to Judge Wells's decisions and recommendations.

As Judge Wells later clarifies in her December 2, 2014 order,[18] the Restriction Order "does not place any restrictions upon the filing of objections to [Judge Wells's] decisions nor to responses to the Government's filings."[19] A review of the Restriction Order demonstrates that Plaintiff is only restricted from filing "any other motions until the pending motions are decided."[20] In a footnote, Judge Wells clarifies that "[i]f necessary Mr. Kennington may file a response to the Government's filings, but such a responses may not take the form of a motion."[21]

---

[15] *See* Order, docket no. 73, filed July 31, 2013.

[16] *See e.g.*, *Kerr v. Valdez*, 55 F. App'x 491, 494 (10th Cir. 2002) (emphasis added).

[17] Order and Memorandum Decision Restricting the Filing of Additional Motions [Restriction Order], docket no. 118, filed October 24, 2014.

[18] Order Further Clarifying the Court's Order Concerning the Filing of Motions, docket no. 128, filed December 2, 2014.

[19] *Id.*

[20] Restriction Order at 1.

[21] *Id.* at fn. 4.

Although Judge Wells's Restriction Order could have more clearly stated that Plaintiff was not restricted from filing objections to Judge Wells's decisions, her oversight in doing so does not indicate a corruption of process or evidence either judges' bias in favor of the defendants.

Moreover, Plaintiff is incorrect in his belief that defendant is the previous employer of Judge Wells. Judge Wells has never worked for the United States Department of Treasury. If, instead, Plaintiff is referring to Defendant's counsel, the United States Attorney's Office, where Judge Wells worked approximately 11 years ago, this fact does not indicate personal bias warranting recusal. A judge is required to disqualify herself when "[s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."[22] Judge Wells was appointed to the Federal Court in 2003, several years before this case was filed, and therefore, she could not and did not participate in the case as a governmental employee in the United States Attorney's Office.

### 4. Amended Complaint

Plaintiff argues that both judges decided to deny him the "awarded judgment of a remand in order to cover up evidence."[23] Similarly, Plaintiff claims that both judges have "provided [him] an unfair trial" and endangered his life by deciding "not to review the additional claims of retaliation, discrimination and threat added to the amended complaint[.]"[24] It is unclear to which of the judges' actions Plaintiff refers. Plaintiff has provided no record reference or any other support to substantiate his assertions. Also, there has been no trial.

---

[22] 28 U.S.C. § 455(b)(3).

[23] Motion at 2.

[24] *Id.*

It seems—at best a guess—that Plaintiff might be referring to Judge Wells's recently issued decisions.[25] Plaintiff filed his objection to the issued decisions on November 13, 2014 ("November 13, 2014 Objection").[26] Incidentally, Judge Shelby has not yet had the opportunity to consider Plaintiff's November 13, 2014 Objection and review Judge Wells's decisions.

In essence, Plaintiff's grievance is with the adverse pre-trial rulings of the court. However, a court's prior adverse rulings, absent any other indicia of bias or partiality, are not legally sufficient grounds upon which to base a motion to disqualify.[27] "While they may be proper grounds for appeal, they are not grounds for recusal."[28]

Accordingly, all of Plaintiff's grounds are inadequate to disqualify Judges Shelby and Wells. Plaintiff has failed to provide any proper showing of personal bias or impartiality, and no reasonable person, knowing all the relevant facts and circumstances would doubt Judges Shelby's and Wells's impartiality in this case.

IT IS HEREBY ORDERED that Plaintiff's motion[29] to disqualify is DENIED.

Signed December 8, 2014.

BY THE COURT

_____

District Judge David Nuffer

---

[25] See Order and Memorandum Decision Denying Plaintiff's Motions to Strike, docket no. 121, filed November 4, 2014 and Order and Memorandum Decision Denying Plaintiff's Motions for Joinder, docket no. 122, filed November 4, 2014.

[26] See Objection To Decision To Deny The Joining Request And Follow Remand To Add TIGTA. Also Objection To Denial To Join DHS, FPS And GSA. To Be Used For Purpose Of Preserving An Error For Future Appeal When Full Relief And Justice Is Denied As A Result Of This Obstruction Of Justice, docket no. 124, filed November 13, 2014.

[27] Willner v. Univ. of Kan., 848 F.2d 1023, 1027 (10th Cir. 1988) (recusal motion under 28 U.S.C. § 455(a)).

[28] Pride v. Herrera, 28 F. App'x 891, 895 (10th Cir. 2001) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

[29] Request Judges to Disqualify, docket no. 125, filed November 24, 2014.